IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SABIN IKUNIN,
               Petitioner,

        v.                            CASE NO. 13-3072-RDR

UNITED STATES,
               Respondent.

## O R D E R

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the Norton Correctional Facility, Norton Kansas (NCF). Mr. Ikunin seeks to challenge a detainer lodged against him at the NCF by the United States Immigration and Customs Enforcement Agency (ICE). He has not satisfied the filing fee prerequisite. In addition, the court finds that he fails to state a claim under § 2241. He is required to satisfy the fee and given time to allege additional facts to support a § 2241 claim.

## FILING FEE

The statutory fee for filing a habeas corpus petition in federal court is $5.00. Petitioner has neither paid the fee nor submitted a motion to proceed in forma pauperis. This action may not proceed until the filing fee is satisfied in one of these two ways. Petitioner is given time to satisfy the fee. He is warned that if he fails to satisfy the fee within the prescribed time, this action

1

may be dismissed without prejudice and without further notice.

**ALLEGATIONS AND CLAIMS**

In his petition, Mr. Ikunin alleges that he was born in the Soviet Socialist Republic, that he "immigrated" to the United States in the late 1970's, and that "about 1990" he became a citizen of the United States. In an attached affidavit on the other hand, he alleges different information. In his petition and affidavit, he alleges the following other background facts. He has lived in Oregon most of his life. He was convicted of burglary and theft in the State of Oregon and has been in prison for 12 years originally in the Oregon Department of Corrections. In 2012, he was transferred "under the Interstate Compact" to the Kansas Department of Corrections. His mandatory release date is January 26, 2014. On August 28, 2012, ICE lodged a detainer against him at the NCF. He has never had an ICE detainer lodged against him before because he is a U.S. citizen. He only found out about the detainer because it was listed on his August Program Classification Review; he has not been served with a copy of a detainer having a case number or the identity of the office or agents involved in its issuance; and respondent has failed or refused to identify the basis, authority, and reasons for the detainer. Petitioner alleges that KDOC will not let him have "any programs" until he takes care of the ICE detainer. The court is asked to order ICE to serve petitioner with all documents used to prepare the

2

detainer and with a report on the legal basis for the detainer so that he can respond to it. He also asks that the detainer be "dismissed and rendered void." In addition, he requests appointment of counsel to assist him in responding to the detainer.

**FAILURE TO STATE CLAIM**

The general habeas corpus statute, 28 U.S.C. § 2241, provides a federal court with authority to grant a writ of habeas corpus to a person held in custody "in violation of the Constitution or law and treaties of the United States." 28 U.S.C. § 2241(c)(3). A state prisoner's challenge to a detainer lodged by a sovereign other than the one currently holding him in custody, whether it be another State or federal authorities, is normally raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *See e.g., Galaviz-Medina v. Wooten*, 27 F.3d 487, 488 (10th Cir. 1994); *Soberanes v. Comfort*, 388 F.3d 1305 (10th Cir. 2004). However, an inmate seeking to challenge an ICE detainer under § 2241 may do so only when he is actually in custody pursuant to the ICE detainer. The mere lodging of a detainer by an ICE agent does not constitute custody where no formal deportation proceedings have been commenced and no final deportation order has issued, since the detainer may be only a request that KDOC authorities notify ICE prior to inmate's release. *Nasious v. Two Unknown B.I.C.E. Agents*, 657 F.Supp.2d 1218, 1229-30 (D.Colo. 2009), *aff'd* 366 Fed.Appx. 894 (10th Cir.

3

2010)("Almost all of the circuit courts considering the issue have determined that the lodging of an immigration detainer, without more, is insufficient to render someone in custody.")(and cases cited therein); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001)(custody requirement satisfied by final deportation order). *Nasious* is similar to petitioner's case. There, the plaintiff initiated a federal action against defendants pursuant to *Bivens*, "alleging violations of his constitutional rights stemming from the filing of a federal immigration detainer" in 2005 against him while he was being held on forgery charges. *Nasious*, 366 Fed.Appx. at 896.[1] Nasious claimed his federal due process rights were violated because he was a U.S. Citizen at the time and not an illegal alien. The district court held that "the lodging of the detainer had no effect on Nasious's detention because he was already in custody at the Denver County Jail awaiting the disposition of his state criminal case," and that "the detainer was nothing more than a request that Denver County authorities notify ICE prior to Nasious's release." *Id*. at 896.

Here, Mr. Ikunin does not allege that he has been ordered removed or that he has appealed any removal order to the Board of Immigration Appeals (BIA). The facts that he does allege, that he is serving s state sentence for burglary and theft, indicate that he is in custody serving a state sentence rather than due to a deportation

---
[1] Unpublished cases are cited herein as persuasive rather than as controlling authority.

4

detainer or order. That immigration officials have issued a detainer is simply not sufficient, by itself, to satisfy the custody requirement. *See Galaviz-Medina*, 27 F.3d at 493. It follows that this action filed as a § 2241 petition challenging the immigration detainer, is subject to dismissal because Mr. Ikunin is not "in custody" pursuant to the detainer for purposes of § 2241.

Moreover, petitioner does not allege that the ICE detainer has affected the duration of his detention in the NCF. *See Nasious*, 657 F.Supp.2d at 1222-23. Nor does he allege facts suggesting that the detainer amounts to a restraint on or a deprivation of life, liberty, or property protected by the U.S. Constitution. *Id*. His allegation that he is being denied programs due to the detainer is completely conclusory.[2] His own exhibits indicate the contrary - that he is being encouraged to participate in programs. Consequently, the court finds that petitioner has alleged no facts showing that his current detention is "in violation of the Constitution or law and treaties of the United States" as would entitle him to relief under § 2241.

Furthermore, even if Mr. Ikunin is subject to a final order of

---

[2] If petitioner seeks to challenge conditions of his confinement including a denial of rehabilitative programs, such a claim must be brought in a civil rights complaint rather than a habeas corpus petition. *Cabrera v. Trammell*, 488 Fed.Appx. 294, 295 (10th Cir. 2012). The statutory fee for a civil complaint is $350.00. In addition, a civil complaint must be filed against the individual federal employee(s) responsible for the alleged denial of the plaintiff's constitutional rights. *Id*. Furthermore, the United States Constitution does not create a protected liberty interest in a prisoner's ability to participate in rehabilitation programs, and Mr. Ikunin has not alleged facts showing any "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

5

deportation, the federal district courts were divested of jurisdiction over § 2241 challenges to such orders, and his sole means of judicial review would be a petition for review filed with the appropriate court of appeals. *Cabrera*, 488 Fed.Appx. at 296 (citing see *Zamarripa-Torres v. B.I.C.E.*, 347 Fed.Appx. 47, 48 (5th Cir. 2009) (unpublished)).

Finally, the court notes that to proceed under § 2241, the petitioner must show that he has exhausted the available administrative remedies prior to filing suit in federal court. *See Soberanes*, 388 F.3d at 1309. If plaintiff is claiming that the ICE detainer is invalid because he is a U.S. citizen, he fails to allege that he has taken the appropriate steps to contest the detainer on this or any grounds or that he has provided ICE with proof that he is not subject to an immigration detainer. His conclusory allegations that he has "repeatedly contacted" ICE and "sent letters to the proper offices" are not sufficient to show full exhaustion of proper procedures. He must describe his efforts in detail including dates and persons contacted in order to show that the available administrative remedies are futile. He also alleges no facts indicating that he has made any effort to challenge the detainer through the prison grievance process.

In sum, the court finds that petitioner has failed to allege facts showing that he is in custody under the ICE detainer and a violation of a federal constitutional right, which is a necessary

6

element of a claim under § 2241.  Mr. Ikunin is given the opportunity to amend his petition to allege additional facts that are sufficient to show he is in custody or to state a federal constitutional violation.  If Mr. Ikunin fails to satisfy the appropriate filing fee and allege sufficient additional facts within the time provided, this action may be dismissed without further notice.

A request for appointment of counsel should be made by separate motion.  If there were a proper motion before the court, it would find that appointment of counsel is not warranted in this case as it appears likely to be dismissed.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee requirement by either paying the fee of $5.00 or submitting a properly completed and supported motion for leave to proceed in forma pauperis on court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period, petitioner is required to allege additional facts sufficient to state a claim under 28 U.S.C. § 2241.

The clerk is directed to send § 2241 and IFP forms to petitioner.

**IT IS SO ORDERED.**

**DATED:  This 7th day of June, 2013, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
**United States District Judge**